

# In the United States Court of Federal Claims

No. 10-753T
(Filed December 29, 2011)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
JAMES A. WILLIAMS TRUST and                     *
JAMES WILLIAMS,                                 *
                                                *
                Plaintiffs,                     *
                                                *
        v.                                      *
                                                *
THE UNITED STATES,                              *
                                                *
                Defendant.                      *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
DEC 2 9 2011
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On November 1, 2010, James Williams filed a mammoth and meandering document apparently intended to be his complaint.[1] This complaint, and the various other documents submitted by him, have as their basis a number of bizarre theories entertained by Mr. Williams. One is that since a "court of record" may be established by the sovereign, Resp. to Judge Wolski's Order Issued Feb. 11, 2011 at 9-11, March 14, 2011 ("March 14 Filing"), and Mr. Williams is "one of the People as contemplated in the Preamble of the U.S. Constitution" who have retained sovereignty, Mr. Williams is the sovereign who gets to decide how the "court of record" functions. See Compl. at 3-5, 7, 10-12, 58; March 14 Filing at 11. Mister Williams also puts himself forward as the "attornatus privatus" that speaks for the "court of record" and pronounces its judgments. Compl. at 57-58. Under this novel system, Mr. Williams has submitted several orders purportedly issued on behalf of the "court of record" granting him judgment in this case, as well as entering other judicial determinations. See Compl. at 52-62. In his view, it seems the role of a judge on the Court of Federal Claims is simply that of a "magistrate" that effectuates these judgments without exercising any discretion.[2]  March 14 Filing at 11.

---

[1] The Court notes that Mr. Williams did not pay the filing fee at that time or at any time since, and has not been granted leave to proceed *in forma pauperis*.

[2] Some of Mr. Williams's other theories are that Americans lost the ability "to lawfully pay a debt or lawfully own anything" on June 5, 1933, *see* March 14 Filing at 5, and that at the time of a person's birth an artificial person is created with the same name as the newborn (though in all

On February 16, 2011, defendant filed its Motion to Dismiss the Complaint ("Motion to Dismiss") for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") or, in the alternative, for failure to state claim upon which relief may be granted, under RCFC 12(b)(6). Presumably by way of response, Mr. Williams filed on February 25, 2011, a Motion to Strike the government's motion under RCFC 12(f), and a Motion for Judgment on the Pleadings under RCFC 12(c). Defendant filed its response, and Mr. Williams has been allowed to file various papers relating to the motions. Having determined that oral argument is unnecessary, the Court now **GRANTS** defendant's Motion to Dismiss and **DENIES** all of Mr. Williams's pending motions.[3]

The theory of Mr. Williams's case is no less exotic than his other theories. It seems that he believes that by creating a trust for his benefit, and then depositing the trust's assets with various financial institutions (three Canadian banks and the Canadian Revenue Agency), he has created liabilities which may be recovered by filing U.S. tax returns. Compl. at 74-79. He appears to equate the money he has on deposit with these institutions with amounts withheld to pay U.S. taxes. Accordingly, for tax years 2005, 2006, 2008, and 2009, on behalf of the trust, Mr. Williams submitted a Form 1041 which showed interest income of some amount, withheld income of the same amount, no other income, and a refund amount equal to the amount allegedly withheld. Compl. at 101-04. In addition, Mr. Williams filed supporting documents prepared by him, including Forms 1099-OID, showing previously unreported withheld income being held in escrow by the three financial institutions and the Canada Revenue Agency. Compl. at 42-43, 126c-132f.[4] The IRS rejected each of these filings as frivolous. Compl. at 34-36, 174-85; Mot. to Dismiss at 6, A-1 to A-2.

In order for a tax refund claim to fall within the subject-matter jurisdiction of our Court, a taxpayer must first "duly file" a valid claim for refund with the IRS. 26 U.S.C. § 7422(a). While an income tax return can count as a claim for refund, *see* 26 C.F.R. § 301.6402-3(a), as plaintiff points out, *see* Compl. at 84, a return that is frivolous does not qualify as a valid return. *See Kehmeier v. United States*, 95 Fed. Cl. 442, 444-45 (2010); *Gregoline v. United States*, 2011 WL 1798080, at * 5-6 (Fed. Cl. Mar. 11, 2011); *Hamzik v. United States*, 64 Fed. Cl. 766, 767-68 (2005). Therefore, a taxpayer who has filed a frivolous return has not met the jurisdictional requirement of § 7422 and cannot maintain a suit in our Court.

---

capital letters) and that title to this artificial person (which is the birth certificate) passes to the government. Compl. at 152-55.

[3] The Motion to Strike and a separate motion for sanctions under RCFC 11 are baseless and inappropriate, and the Motion for Judgment on the Pleadings is moot given the lack of jurisdiction over Mr. Williams's claims.

[4] Mister Williams does not always use consecutive or consistent pagination. For convenience, the Court will use the page numbers given by Mr. Williams.

The tax refund claims submitted by Mr. Williams on behalf of his trust were clearly frivolous, and rightfully rejected as such. A taxpayer, or the beneficiary/fiduciary of one, cannot simply generate a claim to purported tax refunds by creating his own documents alleging that money was withheld for the payment of U.S. taxes, and then asking for these amounts back. The returns submitted by Mr. Williams appear to have no relation to any money actually withheld by any institution as payment of U.S. taxes owed by the trust. He cannot invoke our jurisdiction on the basis that such incredible documents have been rejected by the IRS.[5]

Moreover, the Court notes that pursuant to 26 U.S.C. § 6702(c), the IRS is required to maintain and periodically update a list of positions that are considered frivolous. The tax returns filed by Mr. Williams are covered by at least one of these categories. Chiefly, Mr. Williams's returns fall into the category of returns where the amount of withheld income "is obviously false because it exceeds the taxpayer's income as reported on the return or is disproportionately high in comparison with the income reported on the return." Frivolous Positions, Notice 2010-33, 2010-17 I.R.B. 609, 611 (IRS April 26, 2010).

Since the IRS correctly rejected Mr. Williams's returns as frivolous, he has not properly filed a valid claim for refund with the IRS, and his dispute is not within our Court's jurisdiction. Therefore, as stated above, defendant's Motion to Dismiss is **GRANTED** and the Court hereby **DISMISSES** this action without prejudice. The Clerk shall close the case. The Court notes that Mr. Williams has yet to pay the filing fee for this case. The Clerk shall reject for filing all documents submitted by Mr. Williams in the future (with the exception of any notice of appeal), for this or any other case, until the filing fee has been paid.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

[5] Under RCFC 83.1(a)(3), Mr. Williams may not represent the interests of the trust in a *pro se* capacity, in any event.